

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2008

# Leonard v. Educators Mutl Life

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4370

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Leonard v. Educators Mutl Life" (2008). *2008 Decisions.* Paper 268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4370
_____

HAROLD L. LEONARD
d/b/a The Leonard Clinic of Chiropractic,

Appellant

v.

EDUCATORS MUTUAL LIFE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-05310)
District Judge:  The Honorable William H. Yohn
_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2008

Before: McKEE, NYGAARD, and MICHEL,* Circuit Judges.


(Filed  November 4, 2008)

_____

OPINION OF THE COURT
_____


_____

        *Honorable Paul R. Michel, Chief Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

NYGAARD, Circuit Judge.

The issue before the District Court was whether Appellee, Educators Mutual Life, acted arbitrarily and capriciously in determining that Appellant, Harold L. Leonard, was not eligible for benefits within the meaning of the policy Leonard held with Educators. The District Court granted summary judgment for Educators. Leonard appeals, raising four issues. We will affirm.

The facts and procedures are well known to the parties and are extensively discussed in the District Court's comprehensive opinion. Hence, we will only briefly reiterate them here. Appellee, Educators, concluded that Leonard was ineligible for coverage, giving four reasons to support its decision: First, because his chiropractic clinic was no longer in operation, as was required by the policy; second, because there were not at least two employees as required by a group policy; third, because Leonard was not working for compensation at least 30 hours per week; and, fourth, and quite significantly, because Leonard had consistently misrepresented material facts.

The District Court properly concluded that the language of the plan gave the administrator discretionary authority. Hence, it reviewed Educators' decision to determine if it was arbitrary or capricious. *See Abnathya v. Hoffman-La Roche, Inc.*, 2 F.3d 40 (3d Cir. 1993). Under this standard, a court must defer to the administrator unless the administrator's decision was without reason and unsupported by substantial evidence or erroneous as a matter of law. The record indicates that the District Court

2

applied the appropriate standard, comprehensively examined each of the reasons given by Educators as to why they denied Leonard coverage, and determined that Educators' denial was reasonable and supported by sufficient facts. Hence, and essentially for the reasons given by the District Court in its memorandum and order dated the 23rd day of October, 2007, we will affirm.